23-17-cv
*Gregory v. Navigators Insurance Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-three.

Present:

> JON O. NEWMAN,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges.*

_____

THOMAS L. GREGORY,

    *Plaintiff-Appellant*,

    v.           No. 23-17-cv

NAVIGATORS INSURANCE COMPANY,

    *Defendant-Appellee*.

_____

For Plaintiff-Appellant:      BURT A. (CHUCK) STINSON, (Michael C. Merrick, *on the brief*), Kaplan Johnson Abate & Bird LLP, Louisville, KY.

For Defendant-Appellee:      AARON S. BAYER, (Anjali Sudhir Dalal, Wiggin and

Dana LLP, New York, NY, David Scott Sheiffer, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, *on the brief*), Wiggin and Dana LLP, Hartford, CT.

Appeal from a December 28, 2022 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Thomas L. Gregory ("Gregory") brought a breach-of-contract claim against Appellee Navigators Insurance Company ("Navigators") challenging Navigators' denial of insurance coverage. The district court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that the coverage Gregory sought was barred by an exclusion provision in the insurance policy.

Gregory was a former high-level employee at Tarter Gate Company, LLC ("Tarter Gate"), a large farm and ranch equipment manufacturer founded by the Tarter family. Tarter Gate held a directors-and-officers liability insurance policy through Navigators (the "Policy"), which, in relevant part, insured the company's directors and employees, including Gregory, against any losses arising from lawsuits asserted against them in their capacities at the company. Accordingly, when Gregory was sued in the Eastern District of Kentucky for allegedly using his position at Tarter Gate to defraud multiple Tarter-family entities, he asked Navigators to cover his

defense costs.[1]    However, Navigators refused, invoking a clause in the Policy that excludes coverage for suits involving at least one insured person against another insured person (the "IvI Exclusion").

Gregory then initiated the underlying breach-of-contract action in the Southern District of New York, invoking the court's diversity jurisdiction[2] and alleging that Navigators violated the Policy by denying him coverage.   Specifically, Gregory argued that a provision in the Policy detailing the allocation of payments between "covered" and "uncovered matters" (the "Allocation Clause") required Navigators to cover the portions of his defense costs attributable to the uninsured plaintiff, C-Ville Fabricating, Inc. ("C-Ville").   The district court disagreed and dismissed the case.   *See Gregory v. Navigators Ins. Co.*, No. 22-CV-4834 (VEC), 2022 WL 17551995, at *1, 6 (S.D.N.Y. Dec. 9, 2022) (holding that IvI Exclusion barred coverage for entire 2018 Litigation).

Gregory now appeals.    We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

\*                    \*                    \*

---

[1] Members of the Tarter family brought two actions against Gregory in the Eastern District of Kentucky—the first in 2017 ("2017 Litigation") and the second in 2018 ("2018 Litigation").    The district court dismissed the 2017 Litigation for lack of standing.    *See Smith v. Tarter*, 305 F. Supp. 3d 733, 744 (E.D. Ky. 2018).    The 2018 Litigation was brought by the same plaintiffs and was based on the same allegations, but included a non-insured Tarter-family entity, C-Ville Fabricating, Inc., as an additional plaintiff.    The lawsuit underlying this appeal pertains only to whether the Policy covers Gregory's defense costs for the 2018 Litigation.

[2] Gregory is a citizen of Kentucky, and Navigators is a citizen of New York.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Alix v. McKinsey & Co., Inc.*, 23 F.4th 196, 202 (2d Cir. 2022). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In June 2018, Anna Lou Tarter Smith ("Anna Lou"), LuAnn Tarter Coffey ("LuAnn"), Douglas Tarter ("Doug"), and C-Ville filed suit against Gregory, Joshua Tarter ("Josh"), and a Tarter Gate supplier in the Eastern District of Kentucky. The 2018 Litigation alleged, in relevant part, that Gregory and Josh used their positions at Tarter Gate to defraud multiple Tarter-family entities, including Tarter Gate and C-Ville, of tens of millions of dollars. Josh sought to have Navigators cover his defense costs, but Navigators relied on the IvI Exclusion to deny coverage because Anna Lou, LuAnn, Doug, and Josh were insured individuals. As a result, Josh filed a breach of contract action challenging Navigators' denial in the Eastern District of Kentucky.

In a detailed opinion, the district court interpreted the Policy according to Kentucky contract law and found "that [Navigators] ha[d] no duty to defend [Josh] based on the Policy's Specific Persons and IvI Exclusions." *Tarter v. Navigators Ins. Co.* (*Tarter I*), No. 5:20-240-KKC, 2021 WL 149302, at *3 (E.D. Ky. Jan. 15, 2021). As relevant to this appeal, the IvI

Exclusion provided:

> The Insurer will not be liable under this[]Coverage Part to make any payment of **Loss,** including **Costs[]of Defense,** in connection with any **Claim** made against any **Insured**: . . . by or on behalf of any **Insured** or any security holder of **[Tarter Gate]**; provided, however, that this[]exclusion shall not apply to any **Claim**: . . . brought by any security holder of **[Tarter Gate]**, whether directly or derivatively, if the security holder bringing such **Claim** is acting totally independently of, and without the solicitation, assistance, active participation or intervention of, **[Tarter Gate]** or any **Insured Person**.

Joint App'x at 128–29. Additionally, the Policy defined "Claim" to include the entirety of a civil proceeding, Joint App'x at 134–35, and the parties agreed that the 2018 Litigation constitutes a single "Claim." The district court reasoned that "[b]y virtue of the presence of Insureds (and security holders) on both sides of the underlying action, [Navigators] has no duty to defend [Josh] for any part of the [2018 Litigation]." *Tarter I*, 2021 WL 149302, at *5.

In opposition, Josh argued that pursuant to the Policy's Allocation Clause, which required Navigators to allocate coverage between "bot h [sic] covered and uncovered matters" in a Claim, Joint App'x at 137, Josh was entitled to coverage for portions of the Claim attributable to C-Ville—which was neither insured nor a security holder. But the district court rejected this construction of the Policy, explaining that "[t]he IvI Exclusion, which specifically references Claims brought by Insured Persons against another Insured, controls over the allocation clause, which only generally references Claims with 'covered and uncovered matters.'" *Tarter I*, 2021 WL 149302, at *8 (applying Kentucky contract law principle that specific clauses control general clauses when construing insurance policies).

The district court therefore dismissed the case, and the Sixth Circuit affirmed, adopting the district court's reasoning in full:

5

[T]he district court diligently considered relevant caselaw and ably articulated the reasons why judgment should be entered in favor of Navigators. . . . We thus AFFIRM the judgment of the district court for the reasons set forth in that court's Order and Opinion.

*Tarter v. Navigators Ins. Co.* (*Tarter II*), No. 21-5129, 2021 WL 4950375, at *3 (6th Cir. Oct. 25, 2021).

Here, Gregory—like Josh in the above *Tarter* case—asks the Court to hold that Navigators is required to cover the portion of his 2018 Litigation costs attributable to C-Ville pursuant to the Policy's Allocation Clause. However, as detailed above, the Eastern District of Kentucky and the Sixth Circuit have already analyzed the same Policy under Kentucky contract law, and both courts concluded that the IvI Exclusion bars coverage of the entire 2018 Litigation. This Court generally defers to interpretations of state law by the federal court of appeals covering that state. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278, 283 (2d Cir. 1981); *see also Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 421 (2d Cir. 2001) (deferring to the Fifth Circuit's analysis of issue involving Texas insurance law). Thus, although the Sixth Circuit's *Tarter* opinion is not precedential,[3] given the unique factors in this case—namely, that federal courts more familiar with the state law at issue have already analyzed the *exact* same Policy in the context of nearly-identical claims—we defer to their conclusions.

\*                    \*                    \*

For the reasons set forth above, we conclude that Gregory has failed to state a breach-of-

---

[3] *See Tarter II*, 2021 WL 4950375, at *3.

contract claim because the Policy's IvI Exclusion bars the coverage he seeks. Given this conclusion, we do not analyze the parties' remaining arguments. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court